(Superior Court of Cincinnati.)
Special Term.
## STEPHENSON v. GILTENAU.

(1.) Whenever it becomes necessary to the due performance of his duties by a receiver of real estate, that he should have the actual possession of such real estate, a writ of assistance will issue in equity to put him into such possession.

(2.) Such writ will issue, not upon the application of the receiver, but only upon the application of a party to the cause.

---

DEMPSEY, J.

This is an action for the sale of the unexpired term of a leasehold estate for the satisfaction of the lien reserved for ground rent. A receiver was appointed to take charge of the property in controversy and rent the same, collect the rents, etc. The lessee was in possession of part of the premises and other parts were sub-let to tenants, who attorned to the receiver. Pending the proceeding the lease expired by limitation. Application is now made for a writ of assistance to the receiver in order to put the plaintiff in possession of the property. Possession of the receiver is possession of the court, and equity having jurisdiction of a cause for one purpose will retain it for all purposes, so that full and complete relief may be done between the parties and to avoid a multiplicity of suits. The receiver herein is entitled to full physical possession of all the real estate; he is receiver, not of the leasehold estate alone, nor of the reversion alone, but of the whole estate; he is not the receiver for the plaintiff alone, nor for defendant alone, but he is receiver for the court, to hold possession of the property for the benefit of all who may have an interest or right in it. It is his duty, under the orders of the court, on the termination of the litigation to turn over the property to him who is legally entitled to the possession of it, and until that is so done he can not receive his discharge, and his functions as receiver are not ended until he has been formally discharged. It appears from the statements made on argument that lessee's rights have expired by lapse of time, and that plaintiff is now entitled to possession of the premises, but that lessee refuses to surrender them to the receiver. If this be so, as it is the duty of the receiver to turn these premises over to plaintiff, under the practice in chancery, the receiver is entitled, as against the defendant and tenants, to a writ of assistance from this court to put him, the receiver, in to possession, so that he may finally perform his duty and turn the premises over to plaintiff.

Curiously enough, while the receiver is entitled to the writ of assistance, he can get it only on the application of some party to the cause. On a proper showing made by supplemental petition herein, a rule will issue to the defendant and recalcitrant tenants to show cause why a writ of assistance should not issue on behalf of the receiver; and in the absence of good cause the writ may issue.

F. O. Suire, for Plaintiffs.
Florence A. Sullivan, contra.

---

(Superior Court of Cincinnati.)
Special Term.
## MARY JACOB v. CATHERINE FISCHER et al.

Where a defense is based upon a promise required by the statute of frauds to be in writing, the answer must show that such promise was in writing.

---

Heard on motion by plaintiff to require answer of defendants to be made more definite and certain by setting out whether promise set forth in said answer was oral or written.

DEMPSEY, J.

Motion granted. The petition is one for a partition of real estate; the answer seeks to postpone partition by averment of a promise between plaintiff and defendants to defer partition or sale of premises until after a certain date. Where defendant seeks to bar plaintiff's right of action by reason of a promise or agreement, which by the statute of frauds is required to be in writing, defendant's answer must show such promise or agreement to be in writing. Reinheimer v. Carter, 31 Ohio St. 579-587; Headington v. Neff, 7 Ohio St., 229.

W. S. Little, for the motion.
Burch & Johnson, contra.